# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3271EM

_____

Cassaundra Hayes,          *
         *
         Appellant,       *    On Appeal from the United
         *    States District Court for
         v.               *    the Eastern District of
         *    Missouri.
         *
United States of America,      *    [To Be Published]
         *
         Appellee.        *

_____

Submitted: February 12, 2002

Filed: February 22, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and WOLLMAN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

      Cassaundra Hayes was arrested on an indictment for bank fraud, in violation of 18 U.S.C. § 1344(1), (2). She was released on a $10,000 unsecured bond, but the release was subject to conditions, among which was a requirement that she reside at a halfway house, Metropolitan Employment and Rehabilitation Services, in St. Louis. The order containing this requirement was signed on April 30, 2001. On that same day, Ms. Hayes failed to report to the halfway house, nor did she telephone its staff to advise of her location. A warrant for her arrest was issued, and she was arrested again about ten days later. The question presented is whether the defendant's

absconding from the halfway house is an obstruction of justice within the meaning of U.S. Sentencing Guideline § 3C1.1(A), authorizing a two-level enhancement in the computation of her offense level for sentencing purposes.

The relevant portion of the Guidelines authorizes a two-level enhancement

> If (A) the defendant willfully obstructed or impeded, or attempted to instruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . ..

U.S.S.G. § 3C1.1 (2000). Application Note 4 to this Guideline contains a non-exhaustive list of examples of the types of conduct to which this adjustment applies. One such example, Application Note 4(e), is "escaping or attempting to escape from custody before trial or sentencing . . .." Ms. Hayes takes the position that required residence at a halfway house is not "custody" within the meaning of this Note.

We cannot agree. Two Circuits have held that absconding from a halfway house is an escape from "custody" for this purpose. United States v. Swanson, 253 F.3d 1220 (10th Cir.), cert. denied, 122 S. Ct. 490 (2001); United States v. Draper, 996 F.2d 982 (9th Cir. 1993). We find the reasoning of these opinions sound, and we are, in any event, reluctant to create a conflict in the Circuits on such an issue. Certainly the requirement that one reside in a halfway house is a substantial restraint on one's liberty. To be sure, there are degrees of confinement. A halfway house is less confining than a jail or a prison. But to use the term "in custody" to describe someone residing in a halfway house under these conditions is not at all surprising.

Defendant points out, and rightly so, that required residence in a halfway house is not considered "custody" for certain other purposes, for example, the felony of escape from custody under 18 U.S.C. § 751. See Swanson, supra, 253 F.3d at 1223-

24. <u>Cf.</u> <u>Reno v. Koray</u>, 515 U.S. 50 (1995) (time spent at a community treatment center is not "official detention" within the meaning of 18 U.S.C. § 3585, so as to require credit for time served against a sentence of imprisonment later imposed). But a legal term does not have to mean the same thing in every context. Here, treating a requirement of residence at a halfway house as "custody" serves the purposes of the obstruction-of-justice Guideline. One of the reasons for the defendant to reside at Metropolitan Services was "to keep tabs on [her] and to know what her whereabouts were pending trial," so as to increase the likelihood of her appearance at trial when ordered. Sentencing Transcript 7. The District Court[1] continued:

> By absconding from MERS [Metropolitan Services], Miss
> Hayes attempted to thwart the Court's efforts in that regard;
> that is, to reasonably assure her appearance . . ..

Defendant also contends that the Guideline, if interpreted to apply to her conduct, is unconstitutional. The fact of her absconding (which, by the way, she does not seem to deny), she argues, did not have to be tried to a jury, nor proved beyond a reasonable doubt. All of this is true enough. It is also true of every other guideline enhancement, so long as the statutory maximum penalty is not exceeded, which it was not here. Such procedures have long been routinely upheld under the Sentencing Guidelines. The constitutional argument is without merit. The requirement of residence at MERS was plain and unambiguous. Clear notice to the defendant of the requested enhancement was given, and she had an opportunity to make whatever arguments of law or fact against the enhancement she chose. Due process was satisfied.

---

[1]The Hon. Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

The effect of the two-level enhancement in the present case was a sentence of 24 months in prison. (Apparently the sentence would have been 18 months without the enhancement.) We see no error of law in the action of the District Court. The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.