# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3692

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Wilbert Anderson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 20, 2002

Filed: August 27, 2002

_____

Before HANSEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

Wilbert Anderson pleaded guilty to knowing possession of a stolen firearm, a .380 caliber Davis semiautomatic weapon, in violation of 18 U.S.C. § 922(j). The presentence report recommended a four-level increase in Anderson's offense level under U.S.S.G. § 2K2.1(b)(5), which dictates the increase when a "defendant used or possessed any firearm . . . in connection with another felony offense." Anderson objected to the increase. At an evidentiary hearing, the Government presented evidence that Anderson possessed the stolen firearm and used it to shoot at his girlfriend's legs. The Government argued this conduct was another felony: second-degree assault under Minnesota law. Minn. Stat. § 609.222 subd. 1. The Government

introduced the transcript of the victim's 9-1-1 call, in which she stated Anderson "tried to shoot [her]" in their house. Government witnesses included the police officer who interviewed the victim several times and a second officer who responded to the victim's 9-1-1 call, found Anderson at a bar with his friend, Sean Wells, and recovered the firearm from Wells's vehicle. Anderson called Wells, who was in Anderson's house at the time of the shooting. Wells testified he heard Anderson and the victim arguing in their bedroom and what sounded like gun shots. Wells entered the bedroom and saw Anderson standing near the victim with the .380 firearm in his hands. After Wells took the firearm away from Anderson, Anderson picked up an object from the dresser and threw it at the victim. Based on the testimony and exhibits, the district court[*] found the four-level enhancement applied and sentenced Anderson to 98 months in prison. Anderson appeals his sentence, and we affirm.

Anderson first contends the Government must prove that he committed "another felony offense" for the purposes of § 2K2.1(b)(5) beyond a reasonable doubt. Anderson relies on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which holds any fact, other than an earlier conviction, that increases a penalty for a crime beyond the prescribed statutory maximum must be charged and proved beyond a reasonable doubt. There is no Apprendi issue here because Anderson's ninety-eight month sentence was not above the 120-month maximum sentence for a violation of § 922(j). United States v. Eaton, 260 F.3d 1232, 1239 (10th Cir. 2001) (rejecting Apprendi argument in context of § 2K2.1(b)(5)); see 18 U.S.C. § 924(a)(2) (providing ten-year maximum sentence for violation of § 922(j)). Apprendi does not apply to sentencing factors that, as here, increase a defendant's guideline range, but do not increase the statutory maximum. United States v. Evans, 285 F.3d 664, 672 (8th Cir. 2002). Contrary to Anderson's assertion, application of the enhancement to him

---

[*]The Honorable Ann. D. Montgomery, United States District Judge for the District of Minnesota.

absent proof beyond a reasonable doubt does not violate due process. See Hayes v. United States, 281 F.3d 724, 726 (8th Cir. 2002).

In the alternative, Anderson asserts the Government must prove he committed "another felony offense" by clear and convincing evidence. Although we have "left open the question of whether the government must prove non-garden variety sentencing facts by a preponderance of the evidence or by clear and convincing evidence," United States v. McClain, 171 F.3d 1168, 1171 n.2 (8th Cir. 1999), the district court found that even under the heightened clear and convincing standard, the record supports the § 2K2.1(b)(5) enhancement.

Anderson last asserts the district court misdefined a felony for the purpose of applying § 2K2.1(b)(5), and committed clear error in finding a felonious assault had occurred. "'Felony offense' as used in subsection [2K2.1](b)(5) means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1 n.7. Minnesota Statutes § 609.222 subd. 1, the second-degree assault statute, provides, "Whoever assaults another with a dangerous weapon may be sentenced to imprisonment for not more than seven years . . . ." Anderson contends his act of firing a gun at his girlfriend's legs was not second-degree assault under Minnesota law because he did not intend to harm her. He points out his girlfriend stated she was not afraid during the shooting, and the fact none of the shots fired hit her is powerful evidence that he meant no harm. Intent to harm is not necessary, however. State v. Hough, 585 N.W.2d 393, 395 (Minn. 1998). Assault includes an act done with intent to cause fear in another of immediate bodily harm or death. Minn. Stat. § 609.02, subd. 10(1). Further, it does not matter whether Anderson's girlfriend was frightened when Anderson shot at her legs. "The crime is in the act done with intent to cause fear, not in whether the intended result is achieved." Hough, 585 N.W.2d at 396.

Based on the evidence presented at the evidentiary hearing, the district court could find by clear and convincing evidence that Anderson shot at his girlfriend's legs and infer that he intended to cause her to fear immediate bodily harm. The district court thus properly concluded Anderson committed "another felony offense" for the purpose of applying § 2K2.1(b)(5), and properly assessed the four-level enhancement.

Accordingly, we affirm Anderson's sentence.

A true copy.

       Attest:

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.