# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2081

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Tammy J. Peters, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2004
Filed:  January 24, 2005

_____

Before WOLLMAN and HEANEY, Circuit Judges, and HOLMES,[1] District Judge.

_____

HOLMES, District Judge.

We are called upon in this appeal to interpret U.S.S.G. § 3C1.1, which provides for enhanced punishment if a defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction.

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Tammy Peters was indicted, along with three co-defendants, for distributing methamphetamine. The grand jury returned the indictment on June 6, 2003. On June 17, 2003, Peters self-surrendered to the U.S. Marshals Service. On that same day, she was released on her own recognizance under pretrial supervision of the U.S. Probation Office, with the condition that she refrain from the use of alcohol and drugs, and that she participate in substance abuse testing and treatment as deemed appropriate. On June 26, 2003, Peters tested positive for methamphetamine. She admitted to the pretrial services officer on July 7, 2003, that she had used methamphetamine. Three days later, she tested positive for methamphetamine and for amphetamine. She tested positive again on July 23. Peters admitted to her pretrial services officer on July 25 that she had used methamphetamine on July 10 and July 23. On August 7, the United States filed a motion to revoke her pretrial release. On September 3, the court denied the government's motion because Peters had entered inpatient drug treatment.

On September 17, after Peters had tested positive three times while on supervised release, Peters and the government entered into a plea agreement as a part of which the government stipulated that she had accepted responsibility and should be given credit under the sentencing guidelines for having done so. On September 29, 2003, Peters entered a plea of guilty to one count of distribution of methamphetamine. Later the same day, she was arrested for driving while barred, and she reported the arrest to her probation officer. She failed to provide urine specimens on October 2 and October 7, and she failed to report for her presentence interview on October 8.

On Friday, October 10, the pretrial services officer submitted a Non-Compliance Memorandum. The following Monday, October 13, was Columbus Day. The magistrate judge scheduled the revocation hearing for 3:30 p.m. for Tuesday, October 14.

When Peters's lawyer received notice of the hearing by e-mail, he sent the notice to Peters by U.S. mail, and he attempted to call her by telephone. He forgot that the following Monday was Columbus Day. Peters resided in Mason City, which is approximately 136 miles from Cedar Rapids. On Tuesday, October 14, Peters caught a ride to Cedar Rapids with a friend and went to see her pretrial services officer. The visit was unscheduled, and Peters arrived unannounced. The mail had not arrived at the time she left Mason City, so she was unaware that the revocation hearing had been scheduled. The pretrial services officer told her about the revocation hearing. Peters told the pretrial services officer that the person with whom she was riding had to be back in Mason City by mid-afternoon to pick up her children from school. The pretrial services officer told Peters that she needed to talk to her attorney. Peters called her attorney, told him that she had not been informed of the revocation hearing, and explained that she was in Cedar Rapids with a person who had to return to Mason City to pick up her children from school. She also told him that she would be available any subsequent day that week. Peters's lawyer told her that he would file a motion to continue the hearing, which he did. Peters returned to Mason City with her ride. At 3:30 p.m., Peters's attorney and the Assistant United States Attorney appeared before the magistrate judge. The magistrate judge announced that he had received the motion for continuance earlier in the day. Peters's lawyer stated: "I spoke with Ms. Peters and confirmed her availability tomorrow, for Thursday – Thursday or Friday, tomorrow or the day after tomorrow. And she is – in fact, is to call me this afternoon rather than my trying to leave a message for her, to make sure that she gets the message about any rescheduled time." The magistrate judge continued the revocation hearing until October 16 at 9:00 a.m. Peters appeared as scheduled on October 16, and the magistrate judge revoked her presentence release.

The presentence investigation report recommended that Peters be given a two-level increase in her offense level pursuant to U.S.S.G. § 3C1.1 because she failed to appear for the October 14, 2003, revocation hearing. The presentence investigation

report also recommended that Peters not be given a reduction in her offense level for acceptance of responsibility. The presentence investigation report cited Peters's positive drug test, her two failures to provide urine specimens, her failure to attend her presentence interview, and her driving while barred as reasons for denying the downward adjustment for acceptance of responsibility. The presentence investigation report cited none of that conduct as a basis for the recommended enhancement for obstruction of justice. The district court found that Peters had willfully failed to appear for a court hearing set by the magistrate on October 14, that her probation officer had advised her of the court order, and, instead of obeying, she had returned to Mason City in willful deviance of that order. The court stated, "Certainly I understand that there may have been short notice for the hearing and perhaps the hearing would not have gone forward because counsel would have asked for a continuance in order to prepare, but that does not excuse her from disobeying a court order that she was well aware of." The district court also found that Peters had willfully failed to appear for her presentence investigation interview on October 8, and that she had willfully failed to appear for urinalysis testing. The district court found that each of the three failures constituted obstructive conduct.

As a result of the two-level increase in offense level based on the finding that she had obstructed justice, coupled with the denial of her three-level decrease in offense level for acceptance of responsibility, Peters's sentencing range increased from a range of 70 to 87 months to a range of 110 to 137 months. The district court imposed a sentence of 110 months imprisonment.

We review a district court's factual findings underlying an obstruction of justice enhancement for clear error and its construction and application of the guidelines *de novo*. *United States v. Mendoza-Gonzalez*, 363 F.3d 788, 796 (8th Cir. 2004).

U.S.S.G. § 3C1.1 provides:

Obstructing or Impeding the Administration of Justice

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

The district court primarily based the obstruction of justice enhancement on its finding that Peters had willfully failed to appear at the revocation hearing initially scheduled for October 14. In Application Note 4 to U.S.S.G. § 3C1.1, the United States Sentencing Commission provides a non-exhaustive list of examples of obstructive conduct. Included as an example of such conduct is "(e) willfully failing to appear, as ordered, for a judicial proceeding." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1, cmt. n.1 (2003).

We have previously considered obstruction of justice enhancements based on willful failure to appear for a judicial proceeding, most often in cases in which the defendant fled but was later apprehended. *See United States v. Muro*, 357 F.3d 743, 744 (8th Cir. 2004); *United States v. Young*, 315 F.3d 911, 913 (8th Cir. 2003); *United States v. Martinez*, 234 F.3d 1047, 1048 (8th Cir. 2000); *United States v. Bell*, 183 F.3d 746, 748 (8th Cir. 1999); *United States v. Eagle*, 133 F.3d 608 (8th Cir. 1998); *United States v. Crow Dog*, 149 F.3d 847, 848 (8th Cir. 1998); *United States v. Rodgers*, 122 F.3d 1129, 1131-32 (8th Cir. 1997); *United States v. Hare*, 49 F.3d 447, 453 (8th Cir. 1995); *United States v. Thomas*, 72 F.3d 92, 93 (8th Cir. 1995); *United States v. Adediran*, 26 F.3d 61, 64-65 (8th Cir. 1994); *United States v. Shinder*, 8 F.3d 633, 635 (8th Cir. 1993). This case is distinct from past cases in two material ways. First, the magistrate judge continued the revocation hearing that

Peters failed to attend. The hearing initially scheduled for 3:30 p.m. on October 14 was continued to 9:00 a.m. on October 16. Before the magistrate judge granted the continuance, Peters contacted her attorney, informed him of her ride's need to return to Mason City, received assurances from him that he would seek a continuance, and told him that she would be available the following day – October 15 – or any day later in the week. On October 16, Peters voluntarily attended the rescheduled hearing. No case has been cited to us holding that an obstruction of justice enhancement can be based upon failure to appear at a hearing when the presiding judge granted a motion to continue that hearing; nor have the parties cited any case finding obstruction of justice when the defendant voluntarily appeared at a rescheduled hearing less than 48 hours after the date on which the initial hearing was scheduled. Second, this case is distinct in that the district court found that the initial hearing had been scheduled on short notice and perhaps would not have gone forward because counsel would have asked for a continuance in order to prepare. None of our prior cases presented an issue of inadequate notice nor an issue of whether the hearing would have gone forward had the defendant appeared. Based on the facts presented, we cannot say that Peters's failure to appear on October 14 caused the court any material delay or expense or in any other way obstructed or impeded justice. Given the unusual circumstances in this case, we hold that the district court erred in finding that Peters willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice. We therefore conclude that the district court erred in finding that Peters's failure to appear for the October 14 revocation hearing constituted an obstruction of justice under U.S.S.G. § 3C1.1.

The district court also found that Peters's failure to provide two urine specimens and failure to appear for her presentence investigation interview constituted two additional acts of obstruction of justice under U.S.S.G. § 3C1.1. The government did not argue below that these failures of Peters constituted bases for an obstruction of justice enhancement. Application Note 4 to U.S.S.G. §3C1.1 lists

examples of conduct that may constitute obstruction of justice.[2]  Each example

---

[2]Application Note 4 states:

The following is a non-exhaustive list of examples of the types of conduct to which this adjustment applies:

(a)    threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so;

(b)    committing, suborning, or attempting to suborn perjury;

(c)    producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding;

(d)    destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so; however, if such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender;

(e)    escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding;

(f)    providing materially false information to a judge or magistrate;

(g)    providing a materially false statement to a law enforcement

represents conduct substantially more egregious than that of Peters. While we recognize that the Commission intended this list to serve not as an exhaustive list, but rather an illustrative one, we presume that other conduct, not listed as an example in the application note, should be of a similarly egregious nature to the conduct in the application note examples before it would constitute obstruction of justice. *Cf. United States v. Frisby*, 258 F.3d 46, 50 (1st Cir. 2001) (stating that a defendant can be properly found to be a career offender under a statute containing a non-exhaustive, illustrative list of offenses where the offense committed was on par with the enumerated offenses). We conclude that the district court erred in holding that U.S.S.G. § 3C1.1 applies to Peters's conduct here.

---

officer that significantly obstructed or impeded the official investigation or prosecution of the instance offense;

(h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court;

(i) other conduct prohibited by obstruction of justice provisions under Title 18, United States Code (e.g., 18 U.S.C. §§ 1510, 1511);

(j) failing to comply with a restraining order or injunction issued pursuant to 21 U.S.C. § 853(e) or with an order to repatriate property issued pursuant to 21 U.S.C. § 853(p).

This adjustment also applies to any other obstructive conduct in respect to the official investigation, prosecution, or sentencing of the instant offense where there is a separate count of conviction for such conduct.

U.S. SENTENCING GUIDELINES MANUAL § 3C1.1, cmt. n.1 (2003).

Given our conclusions above, we find that the district court erred in applying the obstruction of justice enhancement of U.S.S.G. § 3C1.1 in this case. Therefore, we remand for resentencing.

On remand, the district court should reconsider whether to grant the three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1. Application Note 4 to § 3E1.1 provides:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, cmt. n.4 (2003). *See United States v. Honken*, 184 F.3d 961, 967-70 (8th Cir. 1999). In denying Peters's request for a decrease in offense level based on acceptance of responsibility, the district court noted *Honken* and found no extraordinary circumstances that would allow a decrease in offense level for acceptance of responsibility contemporaneously with the increase in offense level for obstruction of justice. Since we are reversing the obstruction of justice enhancement, the district court should reconsider whether to grant Peters's request for a decrease in offense level based on acceptance of responsibility.

We reverse the district court's holding that the circumstances of this case justify imposition of an increase of offense level for obstruction of justice, and we remand for resentencing.

_____