# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3346

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| James A. Kiel, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2006
Filed: July 20, 2006 (corrected 7/21/06)

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

James A. Kiel pleaded guilty to five counts of Production of Child Pornography ("Production Counts"), in violation of 18 U.S.C. § 2251(a), and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). At the sentencing hearing, the district court[1] found that the Production Counts should not be grouped and that Kiel's adjusted offense level was 33. The district court added five levels based on the number of units. The district court, therefore, set Kiel's offense level at 38 with a criminal history Category II, yielding an advisory Guidelines range of 262 to 327

---

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

months' imprisonment. After holding that Kiel was not eligible for a two-level reduction for acceptance of responsibility, the district court sentenced Kiel to 327 months' imprisonment. Kiel appeals his sentence, arguing that the district court erred in refusing to group the Production Counts, or, in the alternative, that the district court erred in its calculation under U.S.S.G. § 3D1.4 by adding five levels to the adjusted offense level. In addition, Kiel argues that the district court erred in refusing to grant him a two-level reduction for acceptance of responsibility. We affirm.

I. *Background*

Kiel was indicted on five counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). During Kiel's trial, the government's witnesses described the search of Kiel's residence and the seizure of the child pornography videotapes. The government played all five child pornography tapes Kiel produced for the jury, as well as other tapes, to establish Kiel's pattern of using his video camera to tape nude and seminude minor females. On the final day of trial, as the government was winding up its case, Kiel pleaded guilty to all counts.

In Kiel's plea agreement, he admitted to knowingly producing the five videotapes by filming several minors while they slept at his residence. Kiel exposed their genitals and displayed them in a lascivious manner, and, on some occasions, he touched the minors' genitals. Kiel admitted to knowingly filming at least two females under the age of twelve. He also admitted that two of the minor females were his relatives.

Kiel objected to the presentence investigation report ("PSR"), arguing that he was entitled to a two-level offense reduction for acceptance of responsibility because he pleaded guilty. The district court denied the reduction, finding that Kiel's acceptance was not timely and that he did not fully admit his conduct. Kiel also objected to the PSR's application of the grouping rules under the 2000 version of the

United States Sentencing Guidelines because the PSR did not group the five Production Counts. Kiel contended that, because there were only two *identified* victims, the five counts should have been grouped into two groups—one for each *identified* victim.

The district court overruled the objection and held that U.S.S.G. §§ 3D1.2 and 2G2.1of the Guidelines make it clear that Production of Child Pornography offenses are not to be grouped, stating:

> And it is also the situation where there's no dispute that there was more than one minor child involved. I know you dispute whether there was more than two. But here we're talking about two minor children involved in these five counts. And each of these counts involved the filming of the minor children, and in some of them there was also some physical touching of the genital areas by Mr. Kiel. And these are all separate events. They took place over a period of time. And I don't believe that these are the kinds of offenses that fall within the grouping provisions of the guidelines.

The district court adopted the factual findings of the PSR. According to the PSR, an examination of the videotapes seized at Kiel's residence revealed images of children engaged in sexually explicit conduct. Each of the Production Counts appeared on a separate videotape, except that the Count IV videotape showed Kiel abusing two minor females rather than one. The PSR, therefore, recommended that five levels be added to the base offense level of 33 for a total offense level of 38.

Kiel objected to the PSR's addition of five levels and contended that only two levels should have been added—one for each of the two identified victims. The district court responded that it was "appropriate for the Probation Officer not to group these offenses. And so I am going to overrule the defendant's objection to the calculation of the offense level." An offense level of 38 and a criminal history Category II yielded an advisory Guidelines range of 262 to 327 months. Consistent

with the PSR recommendation, the district court sentenced Kiel to 327 months' imprisonment and a five-year term of supervised release.

After the decision in *United States v. Booker*, 543 U.S. 220 (2005), we granted Kiel's motion for remand. At resentencing, the district court stated that it would rely on the previous record including objections. The district court reiterated its previous finding that the Guidelines range was 262 to 327 months and again sentenced Kiel to 327 months' imprisonment and a five-year term of supervised release.

## II. *Discussion*

Kiel raises three arguments on appeal. First, Kiel argues that the district court erred in calculating the correct Guidelines range by failing to group the Production Counts. Second, Kiel argues that even if the district court committed no error by refusing to group the Production Counts, the district court erred in increasing his adjusted offense level by five levels, resulting in a total offense level of 38. Finally, Kiel argues that the district court erred in refusing to grant him acceptance of responsibility.

### A. Grouping of the Production Counts

Kiel argues that the district court erred in refusing to group the five Production Counts together, asserting that Counts II, IV, and V involved minor child A.K. and should be grouped together, while Count IV involved minor child P.C. and should constitute a separate group under § 2G2.1(c)(1). Thus, Kiel asserts that the district court should have created two groups, one for each identified victim. Based on this grouping, Kiel argues the district court should have applied the multiple-count adjustment under § 3D1.4, resulting in a total offense level of 35 once two levels were added to the adjusted offense level of 33. We review de novo a district court's interpretation and application of the Guidelines. *United States v. Mathijssen*, 406 F.3d 496 (8th Cir. 2005).

Section 2G2.1(d) of the Guidelines—"Sexual Exploitation of a Minor by Production of Sexually Explicit Visual or Printed Material"—provides that "[i]f the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." Application Note 5 to § 2G2.1 then explains:

> For the purposes of Chapter Three, Part D (Multiple Counts), each minor exploited is to be treated as a separate minor. Consequently, multiple counts involving the exploitation of different minors are not to be grouped together under § 3D1.2 (Groups of Closely Related Counts). Subsection (d)(1) directs that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, such minor shall be treated as if contained in a separate count of conviction.

Section 3D1.2 of the Guidelines "set[s] forth the circumstances in which counts are to be grouped together into a single Group." Application Note 1 to U.S.S.G. § 3D1.2. Specifically excluded from the operation of this section is "Sexual Exploitation of a Minor by Production of Sexually Explicit Visual or Printed Material" under § 2G2.1. Furthermore, § 3D1.2 "does not authorize the grouping of offenses that cannot be considered to represent essentially one composite harm (e.g., robbery of the same victim on different occasions involves multiple, separate instances of fear and risk of harm, not one composite harm)." Application Note 4 to U.S.S.G. § 3D1.2.

Therefore, considering the commentary to §§ 2G2.1 and 3D1.2, we hold that the district court properly refused to group the Production Counts. Each time that Kiel molested a child, he inflicted a separate and distinct harm upon that child; therefore, his actions cannot be considered substantially the same harm for grouping purposes under § 3D1.2.

### B. *Increasing Offense Level by Five Units*

In the alternative, Kiel argues that if the grouping calculation is not applicable, the district court erred in finding an adjusted offense level of 38 because the PSR stated that there are a total of five units under § 3D1.4 and increased the adjusted offense level by five units for a total of 38 instead of following § 3D1.4, which states that five units would only cause an increase of four levels, for an offense level of 37 and an advisory Guidelines range of 235 to 293 months' imprisonment.

"Under § 2G2.1, the offense level of a defendant who pleads guilty to sexual exploitation of children . . . is determined, in part, by the number of minors exploited in the commission of the offense. Specifically, § 2G2.1[(d)(1)] requires the sentencing court to treat each minor exploited as though the exploitation of that minor was contained in a separate count of conviction." *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004); *see also United States v. MacLeod*, 80 F.3d 860, 863 (3d Cir. 1996) ("Because MacLeod's offenses involved the exploitation of more than one minor, the exploitation of each minor was treated as if it were a separate count of conviction. These 'counts' were not grouped."). Here, Kiel pleaded guilty to five Production Counts, but Count IV involved two children. Therefore, under § 2G2.1, the district court was to treat Count IV as two separate counts, for a total of six counts.

Section 3D1.4 states that the district court determines the offense level "by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated. . . . " For more than five units, the district court is to increase the defendant's offense level by five levels. U.S.S.G. § 3D1.4.

Here, Kiel was charged with five Production Counts. Kiel's PSR only reflects "one unit" for Count IV, not two units, even though Count IV involved two different minor female children. Therefore, the PSR table only equates to five units, meaning that, under §3D1.4, the district court should only add four levels, not five. However,

when Kiel originally objected to the multiple count adjustment, the U.S. Probation Officer replied:

> The Special Instruction found at Section 2G2.1(c) directs that if the offense involved more than one minor the grouping rules should be applied as if each minor had been contained in a separate count of conviction[.] Application Note 2 clarifies that multiple counts involving the sexual exploitation of different minors *are not* to be grouped together. Further[,] if the relevant conduct of an offense of conviction includes more than one minor being exploited[,] whether specifically cited in the count of conviction or not[,] each such minor shall be treated as if contained in a separate count of conviction[.]

Therefore, the Probation Officer clarified that Count IV involved two victims, meaning that each violation of a minor should be treated as if contained in a separate count of conviction. Kiel concedes that Count IV involved victims A.K. and P.C., meaning that "Section D shall be applied as if the exploitation of each minor had been contained in a separate count of conviction."

Thus, while the PSR did not explicitly list two units for Count IV because Count IV involved two minors, equating to a total of six units instead of five units, the district court properly added five levels to Kiel's offense level.

### C. *Acceptance of Responsibility*

Kiel's final argument is that the district court erred in refusing to grant him a two-level reduction for acceptance of responsibility because he pleaded guilty to all six counts and truthfully admitted the conduct that comprised the offenses. We review a district court's denial of acceptance-of-responsibility reduction for clear error. *United States v. Bell*, 411 F.3d 960, 963 (8th Cir. 2005).

Section 3E1.1 of the Guidelines states that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level

by 2 levels." To determine whether a defendant qualifies for a two-level reduction for acceptance of responsibility, the district court may consider the following factors:

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;

(b) voluntary termination or withdrawal from criminal conduct or associations;

(c) voluntary payment of restitution prior to adjudication of guilt;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense;

(g) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and

(h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

Application Note 1 to U.S.S.G. § 3E1.1.

A two-level reduction for acceptance of responsibility does not apply "to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Application Note 2 to U.S.S.G. § 3E1.1. In addition, "a reduction

is not appropriate if the Government goes through the burden of proving its case at trial, unless the defendant was merely ascertaining the viability of an issue unrelated to his guilt, such as a constitutional challenge to a statute." *United States v. Kendrick*, 423 F.3d 803, 810 (8th Cir. 2005).

The district court made several detailed findings regarding the application of the § 3E1.1 factors. First, the court noted that Kiel pleaded guilty on the last day of trial, after the government had presented the majority of its evidence, including showing the jury the pornographic videotapes. Second, the court concluded that Kiel's plea was not timely. Third, the court noted that Kiel only admitted to videotaping two victims when it was apparent from the tapes that there were more than two victims. Based on the district court's thorough analysis, we cannot say that the district court's denial of acceptance of responsibility was clearly erroneous.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____