# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4092

_____

| | |
|---|---|
| Tammy Peters, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Northern |
| | * District of Iowa. |
| United States of America, | * |
| | * [PUBLISHED] |
| Appellee. | * |

_____

Submitted: September 29, 2006
Filed: October 6, 2006

_____

Before WOLLMAN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tammy J. Peters appeals the 104-month sentence imposed after her plea of guilty to distributing methamphetamine. This court affirms.

Peters was indicted on June 6, 2003. On June 17 she surrendered and was released on her own recognizance after signing a pre-trial release agreement in which she promised not to use illegal drugs and to submit to drug testing at the direction of her Pretrial Services Officer. Peters tested positive for meth on June 26, July 10, and July 23. She twice admitted to her PSO that indeed she had used meth, in violation of the agreement.

Peters pled guilty on September 29. As part of the plea agreement, Peters promised not to "violate any local, state or federal law," aside from speeding or parking tickets. Later that day, she was arrested for driving while barred. Peters failed to provide required urinalysis samples on October 2 and again on October 7. She missed a scheduled meeting with her PSO on October 8, who filed a Noncompliance Memo with the district court.[1] A revocation-of-presentence-release hearing was set for the following Tuesday, which Peters also did not attend. After a continuance was granted, the district court revoked her pre-sentence release on October 16.

At the (first) sentencing hearing the government requested and received a two-level enhancement for obstruction of justice. Peters was sentenced to 110 months. This court reversed, finding that her conduct did not qualify as obstruction of justice under the Sentencing Guidelines. *United States v. Peters*, 394 F.3d 1103, 1106-07 (8th Cir. 2005).

On November 15, 2005, Peters was re-sentenced to 104 months, six months less than the first sentence and the middle of the 92-to-115-month range for a person with her criminal history category (IV) and base offense level (26). Peters argues that the district court erred in not granting a two-level reduction for acceptance of responsibility.

The Guidelines suggest eight "appropriate considerations" relevant to an acceptance-of-responsibility reduction, including "voluntary termination or withdrawal from criminal conduct or associations" and "post-offense rehabilitative efforts (e.g., counseling or drug treatment)." U.S. SENTENCING GUIDELINES MANUAL §3E1.1, cmt. n. 1 (2005).

---

[1]The Honorable Linda R. Reade, Judge, United States District Court for the Northern District of Iowa.

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction...will constitute significant evidence of acceptance of responsibility.... However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

USSG §3E1.1, comment. (n.3).

This court reviews "a district court's denial of an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1 for clear error." *United States v. Winters*, 416 F.3d 856, 860 (8th Cir. 2005). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." USSG §3E1.1, comment. (n.5). The burden is on the defendant to establish entitlement to a downward adjustment for acceptance of responsibility. *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999).

After pleading guilty Peters continued her criminal conduct by driving while barred that same day, which alone could support a denial of the acceptance-of-responsibility reduction. *See United States v. Ngo*, 132 F.3d 1231, 1233 (8th Cir. 1998) (upholding denial of acceptance-of-responsibility reduction for defendant who was charged with driving while intoxicated after pleading guilty to possession of counterfeit securities). In addition, the district court relied on other conduct including: the missed meeting on October 8; Peters's failure to appear at the October 10 revocation hearing; her repeated use of meth; and her failure to remit two urinalysis samples in violation of her pre-trial release agreement.

Peters argues that the driving-while-barred conduct is irrelevant to a drug offense, and that her other transgressions are either excusable or too petty to justify denying an acceptance-of-responsibility reduction. Unlawful conduct, however, need not be directly related to the underlying offense to preclude an acceptance-of-responsibility reduction. *See United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996) ("Guideline § 3E1. 1 does not preclude the sentencing judge, in the exercise of his or her discretion, from considering unlawful conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility."); *see also Ngo*, 132 F.3d at 1233. In view of the repeated violations of Peters's pre-trial and plea agreements, the district court properly rejected her explanations.

Peters's 104-month sentence was within the Sentencing Guideline of 92-to-115 months, and therefore is presumptively reasonable. *See United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005). This presumption can be overcome by showing that the sentencing court relied on some "improper or irrelevant factor." *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

Peters objects that this court previously held that her failure to attend the October 10 revocation hearing was not willful, and therefore the district court committed "clear error" by giving this factor "significant weight" in its decision. This court previously held only that "the district court erred in finding that Peters willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." *Peters*, 394 F.3d at 1106. This court did not hold that her conduct could not be considered by the district court in deciding whether to reduce the sentence for acceptance of responsibility.

The judgment of the district court is affirmed.

_____