# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 06-1544

————————

United States of America,    *
                             *
          Appellee,          *
                             *        Appeal from the United States
     v.                      *        District Court for the
                             *        District of Nebraska.
Joseph W. Monday,            *
                             *        [UNPUBLISHED]
          Appellant.         *


————————

Submitted: March 16, 2007
Filed: March 22, 2007

————————

Before COLLOTON, HANSEN, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Joseph W. Monday appeals the district court's[1] denial of his motion for a sentence reduction based upon acceptance of responsibility. After careful review, we affirm.

Monday was indicted on one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. See 18 U.S.C. § 2; 21

———————————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

U.S.C. §§ 841(a)(1), 841(b)(1), 846. The case went to trial, where Monday did not contest his culpability for the conspiracy, only the amount of methamphetamine attributed to him, claiming he was responsible for less than 500 grams. The jury returned a verdict finding Monday responsible for 500 grams or more of methamphetamine. Monday made several objections to the Presentence Investigation Report prepared prior to his sentencing hearing, all but one of which the district court denied. Monday's objection to his criminal history was sustained, and his criminal history was subsequently adjusted from category VI to category V. Monday also argued at his sentencing that he was eligible for, and entitled to, a two-level reduction in his offense level for acceptance of responsibility pursuant to United States Sentencing Guidelines (USSG) Manual § 3E1.1. The district court found that Monday was eligible for the downward adjustment but denied the motion because it did not believe Monday had been truthful. With an offense level of 36 and an adjusted criminal history category V, Monday's advisory Guidelines range was 292 to 365 months, and he was sentenced to 292 months of imprisonment.

"This court reviews 'a district court's denial of an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1 for clear error,'" Peters v. United States, 464 F.3d 811, 812 (8th Cir. 2006) (quoting United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005)), and the decision of the sentencing judge is entitled to great deference upon review, id.; USSG § 3E1.1, comment. (n. 5). The defendant bears the burden of establishing entitlement to this adjustment. Peters, 464 F.3d at 812.

At the trial, the Government presented four witnesses to support the alleged drug quantity of over 500 grams. One witness, Eric Jurgens, testified that he supplied Monday with methamphetamine beginning around mid-2000, and that in total he had distributed an estimated four to seven pounds of methamphetamine to Monday. (Four pounds equals approximately 1800 grams). The Government also presented the testimony of Investigator Ernie Reiss regarding conversations Investigator Reiss had with Monday when Monday was incarcerated in the county jail in 2001. At that time,

Monday informed Investigator Reiss that Jurgens was supplying methamphetamine to Monday's girlfriend, and that Monday had received two-ounce quantities of methamphetamine from Jurgens about every other day throughout the summer of 2000. Monday then testified on his own behalf, stating that while he had made those statements to Investigator Reiss regarding Jurgens, he had been lying and had done so in an attempt to falsely incriminate Jurgens. Monday also testified that he had not received nearly that amount of methamphetamine from Jurgens, and in fact had only purchased approximately six and one half ounces (164.275 grams) in total, well below the 500 grams charged in the indictment.

While Monday did not contest his conspiratorial guilt, that alone does not entitle him to an adjustment under USSG § 3E1.1 as a matter of right. Winters, 416 at 860. Instead, when determining eligibility for an adjustment under USSG § 3E1.1 a court looks to, among other things, whether or not the defendant "'truthfully admit[s] the conduct comprising the offense(s) of conviction, and truthfully admit[s] or not falsely den[ies] any additional relevant conduct for which the defendant is accountable.'" United States v. Kiel, 454 F.3d 819, 824 (8th Cir. 2006) (quoting USSG § 3E1.1, comment. (n.1(a))). "'[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.'" Kiel, 454 F.3d at 824 (quoting USSG § 3E1.1, comment. (n. 1(a))). Although Monday admitted he conspired only after his trial began, the district court, in an abundant exercise of discretion, found him to be "eligible" for an acceptance adjustment. The district court was also well within its discretion to determine that Monday had not fully accepted responsibility for his crime. Not only did he contest the drug quantity he was charged with, resulting in a continuing trial on that issue, the district court determined that he had not testified truthfully at trial regarding his involvement with methamphetamine use and purchases. Section 3E1.1 requires not only that a defendant "show[] a recognition and affirmative acceptance of responsibility for relevant conduct, and remorse for that conduct," but also that he "must accept responsibility for *all* of the conduct that is part of his

conviction . . . [and] not minimize conduct or partially accept responsibility." United States v. Erhart, 415 F.3d 965, 971 (8th Cir. 2005), cert. denied, 126 S. Ct. 1181 (2006). "Special emphasis is placed on the defendant's honesty about the factual basis for the offense, rather than an emphasis on whether the defendant pleaded guilty or took the matter to trial." Id. The district court and the jury found that the testimony of the Government's witnesses was more credible than Monday's testimony, and we find no clear error in the district court's decision denying Monday's motion for a sentence reduction based on acceptance of responsibility. See United States v. Tjaden, 473 F.3d 877, 879 (8th Cir. 2007) ("Whether to grant a reduction for acceptance of responsibility is a factual determination which depends largely on the district court's credibility assessments.") (internal marks omitted).

Accordingly, we affirm the judgment of the district court.

_____