# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2821

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Todd Christopher Zastoupil, | * | District of North Dakota. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: April 25, 2007
Filed: May 9, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Todd Zastoupil appeals his conviction and sentence imposed by the district court[1] after a jury found him guilty of sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a) and (e) (Count 1), and possession of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count 2). In a brief under Anders v. California, 386 U.S. 738 (1967), counsel argues that the district court miscalculated Zastoupil's total offense level under the Guidelines, and Zastoupil asserts other claims in pro se submissions.

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

Following de novo review of the district court's interpretation and application of the Guidelines, see United States v. Kiel, 454 F.3d 819, 822 (8th Cir. 2006), we find that the court correctly increased Zastoupil's adjusted offense level of 35 by 4 levels to account for the two offenses against each of the two victims, see U.S.S.G. § 2G2.1(b)(1), § 3D1.2(d) (excluding § 2G2.1 offenses from grouping of closely related counts), § 3D1.4(a) (to calculate combined offense level, count group with highest offense level as one unit, and count one additional unit for each group that is equally serious or from 1 to 4 levels less serious; for 3½-5 units, increase offense level by 4 levels); Kiel, 454 F.3d at 822-23 (upholding multiple-count adjustment under § 3D1.4 and explaining that under § 2G2.1, concerning sexual exploitation of minors by production of sexually explicit visual material, Chapter 3 Part D provisions concerning multiple counts shall be applied as if exploitation of each minor had been contained in separate count of conviction, and multiple counts involving exploitation of multiple minors are not to be grouped together under § 3D1.2). Given Zastoupil's total offense level of 39, his Category V criminal history, and the resulting Guidelines imprisonment range of 360 months to life, with a statutory maximum prison term of 50 years as to Count 1, and 20 years as to Count 2, the district court sentenced Zastoupil to concurrent terms of 50 years in prison and 3 years of supervised release on Count 1, and 20 years in prison and 3 years of supervised release on Count 2. In so doing, the court found that the factors under 18 U.S.C. § 3553(a) justified a sentence at the statutory maximum available under federal law, in part based on the disturbing offense conduct and the statement of an evaluating doctor that Zastoupil continued to demonstrate cognitive distortions and irrational thought patterns, and that he presented a high level of serious risk to the community. We conclude that Zastoupil's sentence was not unreasonable. See United States v. Booker, 543 U.S. 220, 261-64 (2005).

Turning to the additional arguments raised in Zastoupil's pro se supplemental filings, we note that claims related to counsel's performance before and during trial should be asserted in a 28 U.S.C. § 2255 proceeding, where the record can be properly

developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). In addition, we reject Zastoupil's argument that he was sentenced beyond the statutory maximum, which he based in part on his contention that his prior state conviction for corruption of a minor did not qualify as a prior sexual-exploitation conviction. See 18 U.S.C. §§ 2243(a) (sexual abuse of minor includes knowingly engaging in sexual act with person 12-15 years old), 2251(e), 2252(b)(2). Further, Zastoupil's arguments concerning the scope of the Fourteenth Amendment and, relatedly, the criminal court's jurisdiction over him are frivolous.

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____