# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3707
_____

United States

*Appellee*

v.

Jason Craig Ferrell

*Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: June 10, 2013
Filed: June 14, 2013 (Corrected June 19, 2013)
[Unpublished]

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Jason Ferrell pleaded guilty to two counts of aiding and abetting the possession of counterfeit United States currency, *see* 18 U.S.C. §§ 2, 472, the district

court[1] added six levels to his base offense level under the sentencing guidelines for producing counterfeit currency, *see* U.S.S.G. § 2B5.1(b)(2)(A), (b)(3). (Subsection (b)(2)(A) of the guideline adds two levels for production of currency, which increased Mr. Ferrell's base offense level of 9 to 11; subsection (b)(3) requires that the enhancement result in an offense level of at least 15, which became Mr. Ferrell's total offense level.) The court also found that, because he denied producing the currency, Mr. Ferrell had not accepted responsibility for his offense, *see* U.S.S.G. § 3E1.1(a). Mr. Ferrell maintains that the court erred in imposing the enhancement and denying him a reduction for acceptance of responsibility because the evidence did not support its finding that he produced counterfeit currency.

We review the district court's "factual findings underpinning the enhancement" for clear error and the court's legal conclusions *de novo*. *United States v. Septon*, 557 F.3d 934, 936 (8th Cir. 2009). During Mr. Ferrell's sentencing hearing, his co-defendant was reluctant to admit to past statements that she had made incriminating Mr. Ferrell in the production of the counterfeit money, and she attempted to invoke the Fifth Amendment to avoid testifying about Mr. Ferrell's role in the crime. But she ultimately testified that the portion of her signed plea agreement where she "admitted having knowledge of Ferrell counterfeiting the federal reserve notes at her residence from a computer and scanner/printer while she was present" was a "true statement." The court remarked that it did not "accord credibility" to the co-defendant "to the extent that she tried to back away or recant from what she had previously said." And after Mr. Ferrell testified that he did not produce the bills, the court determined that his testimony was not credible. Given the great deference owed to a district court's credibility determinations, which are "virtually unreviewable on appeal," *see United States v. Gomez-Perez*, 452 F.3d 739, 743 (8th Cir. 2006) (internal quotation marks and citation omitted), we cannot say that the district court clearly erred in finding that

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

Mr. Ferrell produced counterfeit money. This case is distinguishable from *United States v. Salem*, 587 F.3d 868 (8th Cir. 2009) (per curiam), where there was "no evidence" that the defendant produced the unauthorized device. *Salem*, 587 F.3d at 870-71 (quoting the district judge as saying ". . . because nobody knows who manufactured them, but I'm going to find that [the] two points should stand, because-well, I'm going to attribute it." (second alteration in original)).

Because we have determined that the district court did not err in finding that Mr. Ferrell produced counterfeit money, we can also reject his challenge to the court's denying him an adjustment for acceptance of responsibility. We give " 'great deference on review' " to the district court's choice of whether to grant an acceptance-of-responsibility adjustment, *see Peters v. United States*, 464 F.3d 811, 812 (8th Cir. 2006) (per curiam) (quoting U.S.S.G. § 3E1.1, comment. (n.5)), *cert. denied*, 551 U.S. 1172 (2007), reversing only if the court's determination "is so clearly erroneous as to be without foundation," *see United States v. Arellano*, 291 F.3d 1032, 1034 (8th Cir. 2002). The district court in this case had sufficient foundation for concluding that Mr. Ferrell "falsely den[ied] ... relevant conduct that the court determin[ed] to be true" and thus "acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.1(A)); *see also* U.S.S.G. § 1B1.3(a).

Affirmed.

_____