# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1711
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel T. Ray

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 11, 2014
Filed: November 18, 2014

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

RILEY, Chief Judge.

A grand jury indicted Daniel T. Ray for possessing with intent to distribute at least five grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and possessing a firearm in furtherance of this drug trafficking crime in violation of 18 U.S.C. § 924(c). While on pretrial release, Ray was to reside at a residential drug treatment facility and follow facility rules. On October 17, 2013, at Ray's request, the magistrate judge ordered Ray to appear for a change-of-plea

hearing on November 7, 2013. Three days before the hearing, Ray slipped away from the treatment facility after curfew and did not return. With Ray still missing on November 6, 2013, the magistrate judge issued a warrant for his arrest. Ray did not appear at the November 7 hearing. Arrested the next day, Ray ultimately pled guilty to both counts. The district court[1] sentenced Ray to 160 months imprisonment (100 months for methamphetamine possession and a consecutive 60 months for firearm possession). Ray appeals his sentence.

## I.    DISCUSSION
### A.    Obstruction-of-Justice Enhancement

Ray argues the district court procedurally erred by applying a two-level obstruction-of-justice enhancement in United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3C1.1. The enhancement applies to, among other things, "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1 cmt. n.4(E). By absconding from the drug treatment facility in violation of his pretrial release conditions, Ray escaped "from custody" within the meaning of U.S.S.G. § 3C1.1. See Hayes v. United States, 281 F.3d 724, 725 (8th Cir. 2002).

Ray also satisfied § 3C1.1 by failing to appear at his court ordered change-of-plea hearing. Ray claims he was at the courthouse on the day of the hearing and left without appearing in court. He argues his nonappearance "did not cause the court . . . any material delay or expense." But unlike United States v. Peters, 394 F.3d 1103 (8th Cir. 2005), to which Ray compares his case, Ray's plea hearing was scheduled weeks in advance, he gave no explanation for his absence, and he never requested a continuance. Compare Peters, 394 F.3d at 1106 (excusing the defendant's failure to appear at the hearing scheduled on short notice where the defendant had informed her

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

attorney of her inability to attend the hearing, leading her attorney to move successfully for a continuance). Ray's plea hearing was cancelled and rescheduled because Ray chose not to attend, leaving the magistrate judge sitting on the bench waiting for Ray to appear. Ray's actions also forced the government to expend time and manpower to apprehend him and required an additional revocation hearing before the rescheduled plea hearing. The delay and extra work were material. The district court did not err in applying U.S.S.G. § 3C1.1.

## B. Sentence Reasonableness

Challenging only the 100 months in prison he received for possession of methamphetamine, Ray urges the district court gave "too little weight to the traumatic effects of his dysfunctional upbringing" and "overestimat[ed] the likelihood Ray would commit future crimes." Ray's calculated advisory Guidelines range was 100 to 125 months (offense level 25, category V). "A sentence," like Ray's, "which falls within the guideline range is presumed to be reasonable, and district courts are allowed 'wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (quoting United States v. Maxwell, 664 F.3d 240, 247 (8th Cir. 2011)). Our careful review of the record shows Ray cannot overcome this presumption, and the district court did not abuse its considerable discretion. See Gall v. United States, 552 U.S. 38, 51-52 (2007) (standard of review). The district court weighed the § 3553(a) factors and fairly reasoned as follows:

> The defendant . . . [has] been a troubled young man, young boy, for a very long time. There is a very substantial risk that this young man will commit additional crimes. Therefore, a long prison sentence . . . taking him out of circulation for a long period of time, I believe, is required.

## II.     CONCLUSION

We affirm.

_____