# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 08-1985

_____

United States of America,

               Appellee,

v.

Juan Magana-Aguirre,

               Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*
\*
\*

_____

Submitted: October 13, 2008
Filed: November 24, 2008

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Juan Magana-Aguirre pled guilty to knowingly possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). At sentencing, the district court[1] correctly calculated the advisory sentencing guidelines range, considered the sentencing factors set forth in 18 U.S.C. § 3553(a) and the defendant's arguments for a downward variance, and sentenced

_____

[1] The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Magana-Aguirre within the advisory guidelines range to a term of 188 months' imprisonment. Magana-Aguirre appeals his sentence. We affirm.

## I.     BACKGROUND

On July 3, 2007, Arkansas State Police officers conducted a traffic stop on a Ford Windstar minivan driven by Magana-Aguirre. After obtaining Magana-Aguirre's consent to search the vehicle, officers discovered fifteen bundles of methamphetamine hidden behind the vehicle's dashboard and arrested Magana-Aguirre. A federal grand jury returned an indictment charging Magana-Aguirre with one count of knowingly possessing with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine, and Magana-Aguirre pled guilty.

At sentencing, the district court adopted the factual findings from the Presentence Investigation Report ("PSR") and confirmed that the PSR correctly calculated the advisory guidelines range of 188 to 235 months' imprisonment, five years of supervised release, and a $20,000 to $4,000,000 fine. The district court then heard sentencing arguments from the Government and Magana-Aguirre. The Government advocated for a sentence within the advisory guidelines range, but Magana-Aguirre proposed a downward variance to 168 months' imprisonment because such a sentence would be "sufficient, but not greater than necessary" under § 3553(a). Magana-Aguirre proposed a 168-month term of imprisonment specifically because that would be the low end of the advisory guidelines range if the district court disregarded his prior misdemeanor convictions from 1998 and 2004.

After hearing the parties' sentencing arguments, the district court rejected Magana-Aguirre's proposed downward variance. The district court concluded that Magana-Aguirre's prior misdemeanor convictions were properly considered in imposing his sentence and did not justify a downward variance. The district court

sentenced Magana-Aguirre to 188 months' imprisonment, five years of supervised release, and a fine of $10,000. In imposing this sentence, the district court noted that the guidelines were advisory and that it had considered the § 3553(a) sentencing factors.

Magana-Aguirre appeals his sentence, arguing that the district court committed procedural error by misapprehending its ability to vary from the advisory guidelines. Magana-Aguirre bases his argument on two statements by the district court at the sentencing hearing: (1) the district court's endorsement of United States Attorney General Michael Mukasey's statement that "the sentencing guidelines, when properly determined, are generally the appropriate place for the sentence to be given" because the guidelines "were formulated taking into account these considerations in [§ 3553(a)], as well as . . . the experience of hundreds of federal judges over decades who have had great experience in sentencing";[2] and (2) the district court's comment that "some of the [defendant's sentencing arguments may] be taken into account in the future for changes in [the] guidelines, but so far, they haven't been."

## II.    DISCUSSION

We review sentencing appeals under the standard announced by the Supreme Court in *Gall*:

> [T]he appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or

---

[2] According to the district court, Attorney General Mukasey delivered this statement at a meeting of United States district court chief judges in response to a question about whether the Government would continue to seek sentences within the advisory guidelines range after *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586 (2007).

improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

*Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007). Furthermore, we presume that sentences within the advisory guidelines range are substantively reasonable. *United States v. Saddler*, 538 F.3d 879, 890 (8th Cir. 2008).

Magana-Aguirre's argument on appeal is nearly identical to an argument made by the defendant in *United States v. Mata-Peres*, 478 F.3d 875 (8th Cir. 2007). Mata-Peres alleged that a brief comment by the district court at sentencing demonstrated that the district court committed procedural error by "fail[ing] to recognize its ability to sentence [the defendant] below the advisory Guidelines range." *Id.* at 877 (alleging error based on the district court's statement, "lack of criminal history is taken into account in the defendant's criminal history and, therefore, something that's taken into account in the criminal history isn't a proper basis for a variance"). We rejected Mata-Peres's claim, however, because other statements by the district court at sentencing sufficiently demonstrated that the district court understood that it could deviate from the advisory guidelines. *Id.* at 877-78 (affirming the sentence based on the district court's remarks, "I don't believe . . . that a variance under [§ 3553(a)] is appropriate in this case looking at all of the factors. I don't find sufficient factors that would justify a sentence outside of the advisory United States Sentencing Guideline range.").

As in *Mata-Peres*, we find that notwithstanding the two comments cited by Magana-Aguirre, the district court's comments at sentencing adequately demonstrate that the district court was aware of its ability to vary from the advisory sentencing guidelines range. First, the district court repeatedly noted the advisory nature of the

sentencing guidelines, expressly stating that the guidelines are "advisory as opposed to binding and mandatory." Second, the district court implicitly recognized its power to vary from the guidelines under § 3553(a) when it said, "I'm not persuaded, based on what I see here, that this is a case that would warrant a variance from the guideline." Third, the district court did, in fact, exercise its ability to vary from the guidelines when it set Magana-Aguirre's fine at $10,000, which is below the advisory guidelines range of $20,000 to $4,000,000. *Cf. United States v. Rattoballi*, 452 F.3d 127, 139 (2d Cir. 2006). As in *Mata-Peres*, the district court's sentencing comments, taken as a whole, demonstrate that the district court was aware of its ability to vary from the advisory guidelines and consciously decided not to do so. Thus, we find that the district court committed no significant procedural error and that the sentence imposed is not unreasonable. *See Saddler*, 538 F.3d at 890.

## III.    CONCLUSION

For the foregoing reasons, we affirm Magana-Aguirre's sentence.

_____