# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 08-1590

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Todd Fischer, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 10, 2008
Filed: December 24, 2008

_____

Before MURPHY, RILEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Todd Fischer pled guilty to conspiring to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the district court[1] sentenced him to 121 months' imprisonment. Fischer appeals his sentence, arguing that the district court should have granted his request for a two-level reduction for acceptance of responsibility under United States Sentencing Guidelines

_____

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

§ 3E1.1(a). Because the district court did not clearly err in denying Fischer's request, we affirm.

## I.     BACKGROUND

Between 2004 and 2007, law enforcement officials investigated a conspiracy to distribute methamphetamine in the vicinity of Mobridge and Wakpala, South Dakota. Based on investigative interviews and information from a police source, officials determined that Fischer was an active member of the conspiracy. On April 19, 2007, a federal grand jury returned an eleven-count indictment against Fischer and five other individuals for their roles in the conspiracy. Only one of the eleven counts—conspiracy to distribute and possess with intent to distribute methamphetamine—pertained to Fischer. Fischer pled not guilty. On the morning of his jury trial, however, Fischer informed the Government and the district court of his intent to change his plea to guilty. Upon hearing this, the district court converted the jury trial into a change of plea hearing and accepted Fischer's guilty plea.

Following his guilty plea, Fischer attended his presentence interview, where he admitted to once giving coconspirator Tony Anderson a small amount of methamphetamine to sell and described the quantity of methamphetamine he was involved with in the conspiracy as "very low." On January 17, 2008, the United States Probation Office disclosed its initial Presentence Investigation Report ("PSR"), finding 235.52 grams of methamphetamine attributable to Fischer and recommending that Fischer receive a two-level reduction under § 3E1.1(a) for his acceptance of responsibility. Fischer objected to sixteen paragraphs in the PSR that described the majority of his criminal conduct, such as transporting methamphetamine from Minnesota and Oklahoma to South Dakota, supplying methamphetamine to various conspiracy members, and possessing a firearm in connection with his methamphetamine deals. The Government also objected to the PSR, arguing that the amount of methamphetamine attributable to Fischer was between 788.685 and

1028.685 grams and that Fischer had not accepted responsibility based on his attempts to minimize his criminal conduct and his last-minute guilty plea.

On February 14, 2008, the Probation Office revised Fischer's PSR by increasing the amount of methamphetamine attributable to him to 788.685 grams and by recommending that Fischer not receive a two-level reduction under § 3E1.1(a). The Probation Office, however, kept unchanged all of the PSR paragraphs describing Fischer's conduct because it found the information underlying the paragraphs, including statements from a police source and self-incriminating statements from coconspirators, to be more credible than Fischer's objections. After the Probation Office released the revised PSR, Fischer and the Government reached an agreement regarding many of their objections. The Government stipulated that the quantity of methamphetamine attributable to Fischer was between 200 and 350 grams, and, in exchange, Fischer withdrew his objections to the sixteen paragraphs in the initial PSR. The parties could not, however, reach an agreement regarding the two-level acceptance of responsibility reduction.

At sentencing, the Government and Fischer informed the district court of their agreement and their remaining disagreement about whether Fischer should receive the two-level acceptance of responsibility reduction. After listening to the parties' arguments, the district court agreed with the revised PSR's recommendation that Fischer was not entitled to the § 3E1.1(a) reduction. The court found that the circumstances surrounding his guilty plea and presentence investigation showed that Fischer had not clearly demonstrated acceptance of responsibility. Specifically, the district court cited his efforts to downplay his role in the conspiracy and the quantity of methamphetamine attributable to him during his presentence investigation interview, the temporal proximity of his plea to the start of trial, and his false denials and frivolous objections to the sixteen paragraphs of the initial PSR. Accordingly, the district court adopted the factual findings in the revised PSR, as modified by the parties' stipulations, and determined that the advisory sentencing guidelines range was

121 to 151 months' imprisonment.  After considering the sentencing factors in 18 U.S.C. § 3553(a), the district court sentenced Fischer to 121 months' imprisonment.

Fischer appeals his sentence, arguing that the district court committed significant procedural error when it denied his request for a two-level reduction under § 3E1.1(a), thereby resulting in an improperly calculated advisory guidelines range.

## II.   DISCUSSION

We review a sentence in two parts:  first, we review for significant procedural error, such as an improper calculation of the advisory sentencing guidelines range; and second, absent significant procedural error, we review for substantive reasonableness. *United States v. Magana-Aguirre*, 546 F.3d 957, 959-60 (8th Cir. 2008); *see also Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007).  "In reviewing the sentence for procedural errors, 'we review a district court's interpretation and application of the guidelines de novo and its factual findings . . . for clear error.'" *United States v. Howe*, 538 F.3d 842, 854 (8th Cir. 2008) (quoting *United States v. Pate*, 518 F.3d 972, 975 (8th Cir. 2008)) (alteration omitted).  "We review a denial of a reduction for acceptance of responsibility for clear error on the part of the district court." *United States v. Canania*, 532 F.3d 764, 772 (8th Cir. 2008), *cert. denied*, 555 U.S. ---, 77 U.S.L.W. 3296 (Nov. 17, 2008) (No. 08-6775).  We find clear error only when we are left "with the definite and firm conviction that a mistake has been committed." *United States v. Lalley*, 257 F.3d 751, 758 (8th Cir. 2001) (internal quotation omitted).

Under § 3E1.1(a), Fischer "has the burden to establish that he has clearly demonstrated that he is entitled to a two-level reduction in his offense level for acceptance of responsibility." *See United States v. Herron*, 539 F.3d 881, 887-88 (8th Cir. 2008).  "In determining whether a defendant qualifies for an acceptance of responsibility reduction, the district court may consider aspects of the defendant's conduct beyond the mere fact of his guilty plea." *United States v. Long Soldier*, 431

F.3d 1120, 1123 (8th Cir. 2005); *cf. Canania*, 532 F.3d at 772-73 ("Even a plea of guilty is no guarantee of a reduction for acceptance of responsibility."). The sentencing guidelines direct the district court to consider multiple factors in its § 3E1.1(a) determination, including:

> (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . . However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility; . . . [and]

> (h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

*United States v. Kiel*, 454 F.3d 819, 824 (8th Cir. 2006) (quoting U.S.S.G. § 3E1.1 cmt. n.1). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility[,] . . . the determination of the sentencing judge is entitled to great deference on review." *Peters v. United States*, 464 F.3d 811, 812 (8th Cir. 2006) (quoting U.S.S.G. § 3E1.1 cmt. n.5).

Fischer argues that the district court erred in holding that he did not clearly demonstrate his acceptance of responsibility under § 3E1.1(a) because he pled guilty prior to trial and truthfully admitted his criminal conduct in his presentence investigation interview. We disagree because the district court did not clearly err in determining that Fischer did not clearly demonstrate acceptance of responsibility.

In considering the § 3E1.1(a) factors, the district court first looked at whether Fischer had truthfully admitted his offense conduct and not falsely denied or frivolously contested relevant conduct under U.S.S.G. § 1B1.3. *See United States v. Erhart*, 415 F.3d 965, 971 (8th Cir. 2005) ("[U]nder [§ 3E1.1(a)], the defendant must

accept responsibility for *all* of the conduct that is part of his conviction. The defendant may not minimize conduct or partially accept responsibility.") (emphasis in original); *United States v. Bell*, 411 F.3d 960, 963 (8th Cir. 2005) ("[A] defendant who falsely denies or frivolously contests his relevant conduct has not accepted responsibility.") (citing U.S.S.G. § 3E1.1 cmt. n.1(a)).

Fischer's presentence investigation interview answers and his initial objections to the sixteen paragraphs in the PSR varied significantly from the factual basis recited at his guilty plea hearing and the conduct subsequently deemed admitted in the PSR based on his withdrawal of his objections. *See United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005) (holding that a court may consider the facts in a PSR for sentencing purposes where the defendant did not object to or withdrew his objection to those facts). For example, at the plea hearing, Fischer admitted to operating a methamphetamine distribution network in which he supplied multiple dealers with methamphetamine, collected proceeds from his dealers' methamphetamine sales, and paid dealers for their services with personal quantities of methamphetamine. However, in his presentence investigation interview, Fischer admitted only to one methamphetamine deal with Tony Anderson and for being responsible for a "low amount" of methamphetamine. In his objections to the PSR, Fischer also denied transporting methamphetamine from Minnesota and Oklahoma into South Dakota, supplying methamphetamine to multiple conspiracy members, and possessing a firearm in connection with his methamphetamine deals; however, Fischer later admitted to all of this conduct by withdrawing his objections at sentencing. Because the record demonstrates that Fischer minimized his offense conduct and falsely denied or frivolously objected to relevant conduct, we find no clear error in the district court's finding that this factor suggests that Fischer did not accept responsibility.

In considering the § 3E1.1(a) factors, the district court also looked at the timeliness of Fischer's conduct in manifesting the acceptance of responsibility, recognizing that Fischer waited until the morning of his jury trial to notify the court

and the Government of his intent to plead guilty. *See Erhart*, 415 F.3d at 972 (holding that a district court in denying an acceptance of responsibility reduction may consider that the guilty plea was "of the 'last hour' variety, offered on the eve of trial"); U.S.S.G. § 3E1.1 cmt. n.1(h). Based upon the record, we find no clear error in the district court's finding that Fischer's guilty plea was of the last hour variety, which supports the district court's conclusion that Fischer did not accept responsibility.

Upon considering Fischer's attempts to minimize his offense conduct, his false denials or frivolous objections to relevant conduct, and the lateness of his guilty plea, the district court determined that Fischer did not clearly demonstrate acceptance of responsibility. Because we cannot say that we are left with the definite and firm conviction that a mistake has been committed, we find that the district court did not clearly err in denying Fischer a two-level reduction under § 3E1.1(a).

After finding that the district court did not commit significant procedural error, as we have here, we would ordinarily review the substantive reasonableness of the district court's sentence. *See Magana-Aguirre*, 546 F.3d at 960. However, because Fischer did not provide any argument in his briefs regarding the reasonableness of his sentence, he is deemed to have waived this issue on appeal. *See United States v. Gustafson*, 528 F.3d 587, 589 n.2 (8th Cir. 2008).

## III.   CONCLUSION

For the foregoing reasons, we affirm Fischer's sentence.

_____