# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1765

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Ronald Antonio Moorehead, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 1, 2009
Filed: July 10, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ronald Antonio Moorehead appeals the sentence the district court[1] imposed after he pleaded guilty to aiding and abetting the possession with intent to distribute 50 grams or more of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). For reversal, he argues that the district court misapprehended its authority to sentence him below the recommended Sentencing Guidelines range. For the reasons discussed below, we affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

A district court's failure to understand the scope of its sentencing authority is a significant procedural error, see United States v. Tabor, 531 F.3d 688, 692 (8th Cir. 2008), but we conclude that no such error occurred here. At the sentencing hearing, Moorehead made various arguments in support of his request for a variance to 151 months in prison from the career-offender-based advisory Guidelines range of 262-327 months. The district court rejected each of the arguments, finding that they either lacked merit or were insufficient to support the requested variance. The court stated that, although the Guidelines range was advisory, it needed persuasive reasons to find that a correctly calculated career-offender Guidelines range was inappropriate and unreasonable, and the court disagreed with Moorehead that there was any basis for the requested variance. The court sentenced Moorehead at the bottom of the range to 262 months in prison and 5 years of supervised release, finding that this sentence was sufficient but not greater than necessary to comply with the 18 U.S.C. § 3553(a) factors, and stating that it had tried to fashion a sentence that would avoid unwarranted sentencing disparities and that was reasonable and fair under section 3553(a). The court expressed hope that the time in prison might allow Moorehead to distance himself from drug activities and further his education.

Having reviewed the court's remarks at sentencing as a whole, we conclude that the court recognized its discretion to vary from the Guidelines range but simply was unable to find that the reasons presented to it in support of the variance were sufficiently compelling. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (district courts must ensure justification is sufficiently compelling to support degree of variance); United States v. Magana-Aguirre, 546 F.3d 957, 959-60 (8th Cir. 2008) (rejecting argument that two comments district court made at sentencing showed that it did not understand its power to vary, because court's comments as a whole demonstrated awareness of its ability to vary and choice not to do so; among other things, district court noted Guidelines range was advisory and stated that it was not persuaded that case warranted variance); United States v. Mata-Peres, 478 F.3d 875, 877-78 (8th Cir. 2007) (rejecting defendant's argument that one statement made by

-2-

district court at sentencing reflected that court did not recognize its ability to vary downward because court's other sentencing statements demonstrated that it did).

Accordingly, the judgment is affirmed.

_____