# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1738

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Eastern District of Arkansas.
Kevin Lamar Blackmon,　　　　　　*
　　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　Appellant.　　　　　　　*

_____

Submitted: August 7, 2009
Filed: August 14, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kevin Lamar Blackmon appeals the 188-month prison sentence the district court[1] imposed after he pleaded guilty to aiding and abetting the March 2005 distribution of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of the sentence. In pro se filings, Blackmon moves for substitute appellate counsel and argues that his 1991 Arkansas conviction for second-degree battery was erroneously counted as one of the two

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

necessary predicate offenses for a career-offender enhancement under U.S.S.G. § 4B1.1; that his criminal history points and non-career-offender offense level were incorrectly calculated; that his more culpable co-defendant received a considerably lower sentence; and that his counsel provided ineffective assistance. For the reasons discussed below, we affirm.

First, the district court did not err in counting the 1991 conviction as a career-offender predicate offense. See U.S.S.G. § 4B1.1(a) (defendant is career offender if, inter alia, he has at least two prior felony convictions for crime of violence or controlled-substance offense), § 4B1.2, comment. (n.3) (provisions of § 4A1.2 are applicable to counting of convictions under § 4B1.1); United States v. Adams, 509 F.3d 929, 931 (8th Cir. 2007) (district court's interpretation and application of Guidelines is reviewed de novo and its findings of fact are reviewed for clear error). The conviction was a felony for purposes of the career-offender enhancement. See U.S.S.G. § 4B1.2, comment. (n.1) (prior felony conviction in § 4B1.1 means, as relevant, state conviction for offense punishable by prison term exceeding 1 year, regardless of actual sentence imposed); Ark. Code Ann. § 5-13-202(b) (second-degree battery is Class D felony), § 5-4-401(a)(5) (for Class D felony, sentence shall not exceed 6 years). Further, the probation Blackmon initially received on the 1991 conviction was revoked in 1993, and he served at least a portion of the 3-year prison term imposed upon revocation. See U.S.S.G. § 4A1.2(e)(1) (any prior prison sentence exceeding 1 year and 1 month that either was imposed or resulted in defendant's being incarcerated within 15 years of defendant's commencement of instant offense is counted); § 4A1.2(k)(1), (2)(B) (in case of prior probation revocation, add any original prison term to any prison term imposed upon revocation; probation revocation may affect time period for which certain sentences are counted under § 4A1.2(e)); § 4A1.2, comment. (n.2) (to qualify as sentence of imprisonment, defendant must have actually served period of imprisonment on sentence; length of sentence is based on sentence pronounced, not on time actually served).

Next, Blackmon's arguments concerning his offense level and criminal history scoring are moot in light of the career-offender enhancement. See U.S.S.G. § 4B1.1(b) (career offender's criminal history category shall be Category VI; career-offender offense level shall apply if greater than otherwise applicable offense level); United States v. Shepard, 462 F.3d 847, 872 (8th Cir. 2006) (challenge to determination of non-career-offender base offense level is rendered moot by proper application of career-offender Guideline). Any ineffective-assistance claim should be presented in 28 U.S.C. § 2255 proceedings. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

Finally, the district court did not commit any significant procedural error in imposing sentence, and nothing in the record--including the disparity between the co-defendants' sentences--rebuts the appellate presumption that Blackmon's within-Guidelines-range sentence is substantively reasonable. See United States v. Magana-Aguirre, 546 F.3d 957, 959-60 (8th Cir. 2008) (standard of review); United States v. Gallegos, 480 F.3d 856, 859 (8th Cir. 2007) (per curiam) (only unwarranted sentencing disparities are prohibited, and disparity between co-defendants is not unwarranted where it is due in part to different criminal history categories).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the district court's judgment; we deny Blackmon's motion for appointment of substitute appellate counsel; and we grant counsel's motion to withdraw, subject to counsel informing Blackmon about procedures for seeking rehearing and filing a petition for certiorari.

_____