# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1484

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Oscar Alfredo Padilla-Guzman, also | * | District of Minnesota. |
| known as Jose Arnulfo Belmanez, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 6, 2009
Filed: October 13, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Oscar Padilla-Guzman pleaded guilty to illegal re-entry after removal subsequent to an aggravated felony conviction for third-degree criminal sexual conduct, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced him within the advisory Guidelines range to 46 months in prison and 3 years of supervised release. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and seeks leave to withdraw.

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Reviewing the sentence for abuse of discretion, we must first ensure there was no significant procedural error--such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C. § 3553(a) factors--and then assess the substantive reasonableness of the sentence. See United States v. Magana-Aguirre, 546 F.3d 957, 959-60 (8th Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)). As to whether the district court committed significant procedural error, in the absence of an objection at sentencing, we review for plain error, see United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008), cert. denied, 129 S. Ct. 1390 (2009), and we find none here. The record shows that the district court correctly calculated the Guidelines range; that the court had before it the presentence report, containing information on the nature and circumstances of the offense and Padilla-Guzman's history and characteristics; and that the court considered the section 3553(a) factors, specifically mentioning several of them.

We further conclude that Padilla-Guzman's sentence is not substantively unreasonable. See United States v. Saddler, 538 F.3d 879, 890 (8th Cir.) (describing circumstances where district court abuses its discretion and imposes unreasonable sentence; within-Guidelines-range sentences are presumed reasonable on appeal), cert. denied, 129 S. Ct. 770 (2008).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing and filing a petition for certiorari.

_____