# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3589

_____

United States of America,

        Appellee,

    v.

Jose Guadalupe Ledesma-DeLeon,

        Appellant.

\*
\*
\*     Appeal from the United States
\*     District Court for the
\*     Southern District of Iowa.
\*
\*     [UNPUBLISHED]
\*
\*

_____

Submitted: October 21, 2009
Filed: December 8, 2009

_____

Before RILEY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jose Guadalupe Ledesma-DeLeon pled guilty to one count of conspiracy to distribute at least 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; and one count of distribution of at least 50 grams of a mixture or substance containing methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). After receiving the Presentence Investigation Report (PSR), the

district court[1] sentenced Ledesma-DeLeon to 180 months' imprisonment. Following the sentence, Ledesma-DeLeon filed a motion to review and correct his sentence based upon an error in the PSR. The district court granted his motion and held a hearing to reconsider Ledesma-DeLeon's sentence without the erroneous information. The district court again imposed a sentence of 180 months' imprisonment. Ledesma-DeLeon appeals the sentence, arguing that the district court erred in calculating the drug quantity attributable to him and that the district court abused its discretion in imposing the 180-month sentence. For the following reasons, we affirm.

## I.

During 2006, the Iowa Division of Narcotics Enforcement investigated a group of individuals selling methamphetamine, conducting and observing numerous controlled buys from various members of the group, including Ledesma-DeLeon. Throughout the investigation, police had witnessed Ledesma-DeLeon entering and leaving a residence at 822 Euclid Avenue in Des Moines, particularly before and after Ledesma-DeLeon sold drugs in the controlled drug transactions. On September 28, 2006, the police executed a search warrant at 822 Euclid Avenue. When they entered the home, Ledesma-DeLeon was inside sleeping on a couch in the living room. Roberto Olvera-Morales and Maria Espino-Rubio were also in the home, along with several children. During the search, the police found a total of 1,547.25 grams of actual methamphetamine, several digital scales, packaging material, two semi-automatic handguns, a bullet-proof vest, money, and various other items. The drugs and packaging material contained grease, which is used to mask the odor of drugs. The police also found an envelope addressed to "Jose Guadalupe Ledesma" at "822 Euclid Avenue, Des Moines, Iowa 50313," containing a MidAmerican Energy deferred payment agreement for "Jose Ledesma" at 1138 Oak Park, Des Moines.

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

Ledesma-DeLeon had utilities registered in his name at the 1138 Oak Park address, which is located five to six blocks from 822 Euclid Avenue. A search of 1138 Oak Park revealed more packaging material with grease on it.

Espino-Rubio told police that her sister, Othelia Espino-Zarazua, Olvera-Morales, and Ledesma-DeLeon all lived at 822 Euclid Avenue and "they all paid rent at different times." (Sent. Tr. at 33.) Shirley Winston, the landlord of 822 Euclid Avenue, showed police a handwritten note she had recently received, saying that a "Jose Ledesma" needed to be added as a tenant.

At the initial sentencing hearing, the district court attributed 1,709.09 grams of actual methamphetamine to Ledesma-DeLeon, including the 1,547.25 grams found at 822 Euclid Avenue and another 161.84 grams attributable to Ledesma-DeLeon from the controlled buys. The district court calculated a base offense level of 38, which, after adjustments for his role in the offense and acceptance of responsibility and after consideration of his criminal history, resulted in an advisory sentencing Guidelines range of 324 to 405 months' imprisonment. The district court considered the factors listed in 18 U.S.C. § 3553(a) and sentenced Ledesma-DeLeon to 180 months' imprisonment on each count to be served concurrently. After the district court announced the sentence, Ledesma-DeLeon's counsel stated that Ledesma-DeLeon had just told him that paragraph 52 of the PSR (reciting Ledesma-DeLeon's involvement in a "fight for life" with officers in Omaha following an attempted sale of drugs) in the section detailing Ledesma-DeLeon's criminal history was incorrect and that he was not involved in that crime. Ledesma-DeLeon had not previously objected to the facts reported in paragraph 52. Following the sentencing hearing, Ledesma-DeLeon filed a motion to review and correct his sentence, claiming that the criminal activity discussed in paragraph 52 was committed by a different individual.

The district court held a second hearing to reconsider Ledesma-DeLeon's sentence in light of his motion to review and correct his sentence. At the hearing, both

Ledesma-DeLeon and the Government agreed that the information in paragraph 52 was incorrect, and the district court explained that it would not consider paragraph 52 in resentencing Ledesma-DeLeon. Deducting the two criminal history points assessed in paragraph 52 did not reduce Ledesma-DeLeon's criminal history category, which remained at III. Accordingly, the district court calculated the same advisory Guidelines range of 324 to 405 months' imprisonment, and, after considering the § 3553(a) factors, again imposed a sentence of 180 months' imprisonment on each count to be served concurrently.

Ledesma-DeLeon appeals his sentence.

II.

First, Ledesma-DeLeon argues that the district court incorrectly calculated the drug quantity attributable to him in determining his base offense level. "The government must prove the quantity of drugs for which [Ledesma-DeLeon] is responsible by a preponderance of the evidence." See United States v. Minnis, 489 F.3d 325, 329 (8th Cir. 2007), cert. denied, 128 S. Ct. 1097 (2008). "We review the district court's factual finding of drug quantity for clear error and 'will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made.'" Id. (quoting United States v. Newton, 31 F.3d 611, 614 (8th Cir. 1994)).

Of the 1,709.09 grams of methamphetamine the district court found attributable to him, Ledesma-DeLeon only disputes the 1,547.25 grams found at 822 Euclid Avenue. Ledesma-DeLeon argues that because he was sleeping in the living room at the time the search warrant was executed and the methamphetamine was found elsewhere in the residence, the district court clearly erred in finding that the drug quantities found at 822 Euclid Avenue were attributable to him. However, the evidence links Ledesma-DeLeon to the home even beyond his presence when the

search warrant was executed. Mail addressed to Ledesma-DeLeon at 822 Euclid Avenue was found at the residence during the course of the search. The landlord had received a note instructing her to add Ledesma-DeLeon to the lease. Espino-Rubio told police that Ledesma-DeLeon lived at 822 Euclid Avenue and paid rent. The police observed Ledesma-DeLeon departing and returning to 822 Euclid Avenue before and after controlled drug transactions. The packaging found at both 1138 Oak Park and 822 Euclid Avenue contained grease, used to cover up the odor of methamphetamine. While most of the drugs seized from 822 Euclid Avenue were located in the closet of a bedroom, the bedroom's occupant told the police that there was no lock on the door, so anyone could have entered the bedroom, and that Jose Ledesma-DeLeon entered the bedroom freely with her permission. This evidence sufficiently ties Ledesma-DeLeon to 822 Euclid Avenue and to the drugs discovered there. See, e.g., United States v. Jenkins, 505 F.3d 812, 817-18 (8th Cir. 2007) (finding that evidence that the defendant had been observed entering and exiting an apartment along with testimony that the defendant lived in the apartment "adequately linked" the defendant to the apartment and the drugs found within for the purposes of calculating drug quantity attributable to the defendant), *vacated on other grounds*, 129 S. Ct. 1455 (2008), *reinstated*, 537 F.3d 894 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 1983 (2009); United States v. Nunez, 257 F.3d 758, 764 (8th Cir. 2001) (finding no clear error in the district court's determination of drug quantity when the defendant rented the home in which the drugs were found). Given this evidence, we cannot say that the district court clearly erred in finding that the 1,547.25 grams of methamphetamine found at 822 Euclid Avenue were attributable to Ledesma-DeLeon, and we are not definitely and firmly convinced that a mistake has been made. See Minnis, 489 F.3d at 329.

Second, Ledesma-DeLeon argues that the district court abused its discretion in imposing the 180-month sentence. We review a sentence initially for significant procedural error and then for substantive reasonableness. United States v. Fischer, 551 F.3d 751, 754 (8th Cir. 2008). In reviewing a sentence for procedural errors, we

review a district court's factual findings for clear error and its interpretation and application of the guidelines *de novo*. Id. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). If the district court did not commit a significant procedural error, we review the sentence for substantive reasonableness under a "deferential abuse-of-discretion standard." Id. at 41.

Ledesma-DeLeon asserts that because the district court's initial sentence of 180 months' imprisonment was based on clearly erroneous information contained in the PSR, the district court committed a significant procedural error in resentencing him to 180 months. Ledesma-DeLeon claims that "the error regarding the violent criminal offense affected the substantive rights of Ledesma-DeLeon. Surely the sentencing court would have sentenced Ledesma-DeLeon to a lesser term of months if the criminal record had been correct." (Appellant's Br. at 24.) However, after the district court discovered the error, it held another hearing to resentence Ledesma-DeLeon, at which it acknowledged that paragraph 52 was erroneous and made it clear that it would not consider paragraph 52 in resentencing Ledesma-DeLeon. After clarifying that paragraph 52 was not part of its consideration, the district court resentenced Ledesma-DeLeon to 180 months. Thus, Ledesma-DeLeon's argument—that the district court committed a significant procedural error by sentencing him based on clearly erroneous facts—lacks merit. He asserts no claim that he was resentenced to the same term out of judicial vindictiveness.

To the extent that Ledesma-DeLeon challenges the substantive reasonableness of the sentence, this argument also fails under the deferential abuse-of-discretion standard. The district court specifically and properly addressed the § 3553(a) sentencing factors and explained why it was reimposing the 180-month sentence. See

United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (explaining that a sentence is not unreasonable when the district court made an individualized assessment and analysis of the sentencing factors).  Ledesma-DeLeon has failed to meet his burden of proving that the district court abused its discretion when it imposed a sentence 12 years *below* the bottom of the advisory Guidelines range.

III.

Accordingly, the judgment of the district court is affirmed.

_____