# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3582
_____

Ernest W. Haney,

*Movant - Appellant,*

v.

United States of America,

*Respondent - Appellee.*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: February 13, 2020
Filed: June 12, 2020

_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Ernest Haney pleaded guilty to receipt and distribution of a visual depiction involving the use of a minor engaging in sexually explicit conduct. The district court sentenced him to 180 months in prison. The next year, Haney moved to vacate his sentence under 28 U.S.C. § 2255 based on alleged ineffective assistance of counsel.

The district court[1] denied relief. We conclude that counsel's performance was objectively reasonable, and we therefore affirm.

I.

Haney's prosecution arose from an investigation in which law enforcement officers accessed, through a peer-to-peer file-sharing program, several videos depicting child pornography. Based on the internet protocol address that was used to share the images, police identified the physical address of the source as a home where Haney lived with his mother. They obtained a search warrant for the residence and seized three computers, several disks containing data, and Haney's iPhone device. Investigators found videos and images depicting child pornography on the seized devices. Haney admitted downloading child pornography on a computer that was equipped with a file-sharing program called Ares.

Haney pleaded guilty to knowingly receiving and distributing a visual depiction involving the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and 2252(b)(1).[2] To provide a factual basis for the plea, the prosecution stated that if the case proceeded to trial, the evidence would show as follows:

> The defendant was advised of his *Miranda* rights and agreed to speak to Detective Williams. The defendant acknowledged owning the computer on which he installed the Ares file-sharing software and that he used to

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

[2]The judgment refers to the offense as "Possession and Distribution of Child Pornography," R. Doc. 62, but "possession" is not a prohibited act under 18 U.S.C. § 2252(a)(2), and the indictment charged that Haney "received and distributed" the visual depictions. R. Doc. 1.

download child pornography. In the ensuing questioning, Haney confessed that he had, in fact, downloaded child pornography and specifically used search terms such as "PTHC" and "tiny" to obtain such images.

When questioned by the court, Haney acknowledged that he committed the acts set forth in the statement of factual basis.

Haney's claim of ineffective assistance of counsel relates to the sentencing guidelines. The draft presentence report stated that Haney installed and used the file-sharing program to download child pornography, and applied a two-level increase for a defendant who knowingly engaged in distribution of child pornography. *See* USSG § 2G2.2(b)(3)(F). Haney's attorney initially objected to the two-level increase, but then withdrew the objection at the sentencing hearing. The district court applied the increase, found that Haney accepted responsibility for his criminal conduct under USSG § 3E1.1, and calculated a total offense level of 34. The court then determined an advisory guideline range of 235 to 240 months' imprisonment, granted Haney's request for a downward variance from the range based on 18 U.S.C. § 3553(a), and sentenced him to a term of 180 months. Haney did not appeal.

Haney later moved to vacate his sentence under 28 U.S.C. § 2255 on the ground that his attorney's alleged ineffectiveness at sentencing deprived him of the right to counsel under the Sixth Amendment. He claimed that counsel performed ineffectively when he failed to make arguments based on Haney's alleged ignorance that his file-sharing program distributed child pornography. In support, Haney submitted affidavits from his mother and daughter. Both averred that Haney's daughter, not Haney, installed the file-sharing software on the computer, and that Haney did not know that the program automatically shared downloaded material with other users. His mother stated that she and Haney so advised counsel before the sentencing hearing.

In his post-conviction motion, Haney maintained that counsel should have presented this evidence at sentencing. He argued that counsel should have objected to the two-level increase for knowing distribution of child pornography based on *United States v. Durham*, 618 F.3d 921, 932 (8th Cir. 2010), which held that a defendant's "concrete evidence of ignorance" about file sharing makes the increase inapplicable. He also challenged counsel's failure to argue for a two-level decrease under USSG § 2G2.2(b)(1). That adjustment applies to a defendant whose conduct was "limited to the receipt or solicitation" of material involving sexual exploitation of a minor, and who "did not intend to traffic in, or distribute," such material.

The district court denied the motion without an evidentiary hearing. The court concluded that counsel's performance was not deficient because Haney admitted to police and in the plea colloquy that he installed the file-sharing software on his computer. The court reasoned that Haney "admitted to the facts giving rise to the enhancement," so "any objection to the enhancement would have been meritless." Alternatively, the court concluded that Haney was not prejudiced by counsel's performance. The court reasoned that even if the two arguments had been pursued successfully, the resulting advisory guideline range would have been 151 to 188 months in prison, and Haney's sentence of 180 months is within that range.

We review the district court's legal conclusions *de novo* and any factual findings for clear error. *Calkins v. United States*, 795 F.3d 896, 897 (8th Cir. 2015). A district court may resolve a motion under § 2255 without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

II.

To obtain relief on a claim of ineffective assistance of counsel, a prisoner must show that counsel's performance was deficient, and that the deficient performance

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Our scrutiny of counsel's performance is 'highly deferential;' the movant must show that counsel's performance fell 'outside the wide range of professionally competent assistance' that is sufficient to satisfy the Sixth Amendment." *Allen v. United States*, 829 F.3d 965, 967 (8th Cir. 2016) (quoting *Strickland*, 466 U.S. at 689-90) (internal citations omitted). We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

Haney maintains that counsel's deficient performance caused a four-level swing in the guideline calculation at sentencing. We can dispense quickly with two of the disputed levels. Haney asserts that counsel was ineffective in failing to seek a two-level decrease under USSG § 2G2.2(b)(1). That decrease, however, is available only to a defendant whose conduct was "limited to the receipt or solicitation" of child pornography; it does not apply to a defendant who distributed child pornography, whether he did so knowingly or not. *United States v. Ray*, 704 F.3d 1307, 1313-14 (10th Cir. 2013). Distribution means "any act . . . related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2, comment. (n.1). It is undisputed that Haney distributed child pornography through the file-sharing program on his computer, even accepting his current position that he did not know about the operation of the program. Therefore, the sentencing argument under § 2G2.2(b)(1) had no merit, and counsel was not ineffective in declining to advance it.

Haney also renews his argument that counsel unreasonably withdrew the objection to a two-level increase under § 2G2.2(b)(3)(F) for a defendant who knowingly engaged in distribution of child pornography. Haney suggests that the defense should have presented evidence from his daughter and mother that he was ignorant about the file-sharing software on his computer. With that evidence, Haney

contends, there was a straightforward legal argument that the two-level increase would not apply under our precedent in *Durham*.

The situation confronting Haney's counsel, however, was not so simple. Unlike the defendant in *Durham*, who was convicted only of receiving child pornography, 618 F.3d at 923, Haney had pleaded guilty to an indictment that charged him with receiving *and distributing* child pornography. One element of the distribution offense is that the defendant *knowingly* distributed child pornography. 18 U.S.C. § 2252(a)(2). By pleading guilty to the indictment without qualification, Haney formally admitted to the elements of the offenses charged. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Haney also admitted at the guilty plea hearing that "he installed the Ares file-sharing software" on the computer from which child pornography was distributed. R. Doc. 44, at 7-8.

To pursue the objection under USSG § 2G2.2(b)(3)(F), therefore, it would have been necessary for Haney's counsel to retract or explain away Haney's prior admissions. Only then could he substitute the facts presented by Haney's daughter and mother, and plausibly claim that Haney was ignorant of any distribution. That approach would have entailed substantial risk: it was reasonable to fear that the district court could have disbelieved Haney and his family members, given Haney's inconsistent statements, bias of the witnesses, and credibility issues arising from a previous incident in 2006. On that occasion, Haney's daughter reported to police that Haney possessed child pornography, but Haney's mother questioned the daughter's veracity and persuaded police not to pursue an investigation or charges. This history led the district court at sentencing to conclude that "the implication that he didn't fully understand what he was getting into, I'm not buying it." So if counsel had pressed the objection, the district court could well have held Haney to his prior admissions and found that he knowingly distributed child pornography through the file-sharing program.

In that case, not only would Haney have failed in his objection to the two-level increase, but he would have jeopardized his three-level decrease for acceptance of responsibility if the court found that he falsely denied relevant conduct. *See* USSG § 3E1.1, comment. (n.1(A)); *United States v. Zeaiter*, 891 F.3d 1114, 1124 (8th Cir. 2018); *United States v. Fischer*, 551 F.3d 751, 755 (8th Cir. 2008). Even worse, he would have risked incurring a two-level increase for obstruction of justice if the court found that he committed or suborned perjury. USSG § 3C1.1 & comment. (n.4(B)).

Beyond that, pursuing the objection could have undermined counsel's plea for a downward variance from the guideline range. Counsel argued that the guidelines overstated the seriousness of Haney's offense because, among other things, "if he's on a file sharing, then he's hooked for distribution." R. Doc. 64, at 34. The government went so far as to endorse a variance, and the district court gave the prosecutor's position "considerable weight" in varying downward by the equivalent of three levels from an advisory term of 235 months to a term of 180 months. But if Haney had backtracked on his plea colloquy and denied at sentencing that he knowingly engaged in distribution, then there is no guarantee that the government would have been so charitable. Without the prosecutor's concurrence, the district court may not have been convinced to deviate from the recommendation of the Sentencing Commission. So even if Haney had prevailed on avoiding a two-level increase under § 2G2.2(b)(3)(F), there was reason to doubt whether he would have received a downward variance at the same time. With no two-level increase but no variance, Haney would have been sentenced within a guideline range of 188 to 235 months' imprisonment—above the 180-month term that he actually received at sentencing.

In view of the risks involved in pursuing the alternative course, and the limited potential reward, there is ample reason to conclude that counsel's decision to withdraw the objection to the two-level distribution enhancement was objectively reasonable. Because the reasonableness of counsel's performance is an objective

question, it was permissible for the district court to resolve the motion without testimony from counsel about his subjective reasoning on this point. *Allen*, 829 F.3d at 968.

The judgment of the district court is affirmed.

_____