**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4199**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

KELLY MILTIER,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:19-cr-00078-RBS-LRL-1)

Argued: March 12, 2021                          Decided: April 12, 2021

Before MOTZ, DIAZ, and RUSHING, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge Diaz and Judge Rushing joined.

**ARGUED:** Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Joseph Kosky, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Kelly Miltier pled guilty to receiving and possessing child pornography. Before sentencing, he urged the district court to reduce his Sentencing Guidelines range pursuant to a provision that applies only to defendants whose "conduct was limited to the receipt or solicitation of" child pornography. United States Sentencing Guidelines Manual ("U.S.S.G.") § 2G2.2(b)(1). Because Miltier admitted to unintentionally distributing such material, the Guideline does not apply to him. Even when distribution is unintentional, it is not "conduct . . . limited to . . . receipt or solicitation." *Id.* Accordingly, the district court did not err in refusing to apply the reduction. We affirm.

I.

In 2018, federal agents used a peer-to-peer file-sharing network to download child pornography from an IP address associated with an individual named "D.K." Thereafter, agents obtained and executed a search warrant on D.K.'s residence, where Miltier also resided. During the search, Miltier admitted responsibility for the images agents downloaded but denied intentionally sharing child pornography over the Internet. A subsequent forensic analysis of Miltier's electronic devices revealed thousands of images containing child pornography.

In 2019, a federal grand jury returned an indictment charging Miltier with five counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and six counts of possession of material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Miltier pled guilty to all counts. In anticipation of Miltier's sentencing,

2

the Probation Office calculated his Sentencing Guidelines range as 121 to 151 months of imprisonment.

Miltier objected to this calculation, arguing that his offense level should be reduced pursuant to U.S.S.G. § 2G2.2(b)(1). The district court overruled the objection, concluding that Miltier's conduct rendered him ineligible for the reduction. The court then sentenced Miltier to a 144-month term of imprisonment. Miltier timely noted this appeal. We review the district court's interpretation of § 2G2.2(b)(1) de novo. *See United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014).

## II.

Section 2G2.2(b)(1) allows for a two-level reduction of a defendant's Guidelines offense level if his "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and "the defendant did not intend to traffic in, or distribute, such material." U.S.S.G. § 2G2.2(b)(1)(B)–(C). Miltier maintains he is eligible for this reduction, notwithstanding his distribution of child pornography to federal agents, because he was unaware that use of a peer-to-peer file-sharing network would necessarily make his files available to others.[*] We must reject this argument.

Miltier's position cannot be squared with § 2G2.2(b)(1)(B)'s plain text. That provision expressly excludes all "conduct" that goes beyond mere "receipt or solicitation." U.S.S.G. § 2G2.2(b)(1)(B). As our sister circuits have uniformly held, this unambiguous

---

[*] On peer-to-peer file-sharing networks, "any file a user has downloaded to his computer is automatically accessible to others on the network when the user's computer is connected to the Internet." *United States v. Clarke*, 979 F.3d 82, 87 (2d Cir. 2020).

text forecloses eligibility where a defendant engages in any distribution at all, irrespective of his mental state. *See Haney v. United States*, 962 F.3d 370, 374 (8th Cir. 2020); *United States v. Bleau*, 930 F.3d 35, 40 (2d Cir. 2019); *United States v. Abbring*, 788 F.3d 565, 568 (6th Cir. 2015); *United States v. Ray*, 704 F.3d 1307, 1313–14 (10th Cir. 2013).

This straightforward reading does not, as Miltier suggests, render § 2G2.2(b)(1)(C) — which provides that defendants are eligible for the reduction if they "did not intend to traffic in, or distribute" child pornography — superfluous. Rather, that clause establishes an *additional* bar to eligibility, ensuring that a defendant who only received or solicited child pornography will not be granted a reduction if he also intended to distribute such material. For example, § 2G2.2(b)(1)(C) renders ineligible a defendant who solicits child pornography with the intent to distribute it, but ultimately fails to do so. Miltier insists he may establish eligibility based solely on the fact he did not "intend . . . to distribute" victims' images, but § 2G2.2(b)(1)(B)'s conduct requirement and § 2G2.2(b)(1)(C)'s intent requirement "are conjunctive." *Abbring*, 788 F.3d at 568. Where, as here, a defendant engages in disqualifying conduct — such as actual distribution — his intent is simply immaterial. *See Ray*, 704 F.3d at 1314.

Notwithstanding § 2G2.2(b)(1)'s clarity, Miltier urges us to discern a contrary meaning from extratextual sources. Relying on the Sentencing Commission's recent amendment of an entirely separate provision, *see* U.S.S.G. App. C, amend. 801 (Nov. 1, 2016) (amending § 2G2.2(b)(3)(F)'s distribution enhancement to require knowledge), he argues that the Commission did not intend for unknowing distribution to defeat § 2G2.2(b)(1)'s application. However, the Commission has not amended § 2G2.2(b)(1) to

4

make this supposed intention apparent, though it is clearly aware of case law strictly construing the provision's conduct requirement. *Id.* (citing *Ray*, 704 F.3d at 1312).

Miltier's invocation of the Commission's commentary is similarly unavailing. When promulgating § 2G2.2(b)(1), the Commission noted that "individuals convicted of receipt of child pornography with no intent to traffic or distribute the material essentially will" receive a reduction pursuant to § 2G2.2(b)(1). *See* U.S.S.G. App. C, amend. 664 (Nov. 1, 2011). Contrary to Miltier's argument, this statement — conspicuously qualified by the word "essentially" — does not mean the reduction applies *whenever* a defendant did not intend to distribute child pornography, including when his conduct went beyond "receipt or solicitation." U.S.S.G. § 2G2.2(b)(1)(B). Rather, the statement "is true in general, but not when the defendant has actually distributed child pornography" — that is, when his conduct renders him ineligible. *Ray*, 704 F.3d at 1314. In all events, even if there were a conflict between the Commission's commentary and § 2G2.2(b)(1)'s text — and we do not so conclude — the text controls. *United States v. Shell*, 789 F.3d 335, 340 (4th Cir. 2015).

Finally, Miltier protests that his unknowing distribution of child pornography was not relevant to the district court's sentencing determination because unknowing distribution is not punishable as a distribution offense. *See* 18 U.S.C. § 2252A(a)(2). But the Guidelines instruct courts to consider "*all* harm that resulted from [a defendant's] acts and omissions." U.S.S.G. § 1B1.3 (emphasis added). In this case, Miltier's criminal conduct — use of a peer-to-peer network to simultaneously download child pornography and make it available to others — caused harm attributable to his receipt, possession, *and*

further distribution of victims' images. *See United States v. Burgess*, 684 F.3d 445, 459 (4th Cir. 2012). Because Miltier's receipt of child pornography involved actual distribution, it was entirely proper for the district court to consider the tragic consequences of that distribution.

Accordingly, we conclude that Miltier's use of a peer-to-peer file-sharing network to unintentionally distribute child pornography rendered him ineligible for a reduction pursuant to § 2G2.2(b)(1).

III.

For these reasons, the judgment of the district court is

*AFFIRMED.*